# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTIANA BERRYHILL, individually and on behalf of a class described below, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 17-cv-08059 ) |
| ENHANCED RECOVERY COMPANY, LLC, d/b/a ERC or ENHANCED RESOURCE CENTERS, | ) ) ) ) |
| | ) <u>Jury Demanded</u> |
| Defendant. | ) |

## CLASS COMPLAINT

Plaintiff, Christiana Berryhill, individually and on behalf of a class described below, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Defendant sent Plaintiff a collection letter falsely stating a collection fee was due from Plaintiff and threatening to collect the unlawful charge.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements. *E.g. Genova v. IC Sys., Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

1

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

**PARTIES**

6. Plaintiff, Christiana Berryhill ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a consumer debt allegedly owed for a defaulted T-Mobile consumer cell phone account used for personal and household purposes. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant, Enhanced Recovery Company, LLC, d/b/a ERC or Enhanced Resource Centers ("ERC"), is a Delaware limited liability company with its principal place of business at 8014 Bayberry Road, Jacksonville, FL 32256. Its registered agent is C T Corporation System., located at 208 So. LaSalle St., Suite 814, Chicago, IL 60604. (Exhibit A, Record from Illinois Secretary of State).

8. Defendant ERC is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Defendant ERC holds a collection agency license from the State of Illinois and is a licensed Collection Agency, and attempts to collect debts originally owed to others. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

10. ERC regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a T-Mobile consumer cell phone account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

13. ERC subsequently began collecting on the alleged debt.

14. On or about December 25, 2016, ERC communicated information regarding the alleged debt to the TransUnion credit reporting agency. (Exhibit C, Excerpt from Plaintiff's TransUnion credit report).

15. ERC conveyed information regarding the alleged debt, including an account number, the identity of the original creditor, and a balance.

16. The communication to TransUnion was thus a "communication" as that term is defined at §1692a of the FDCPA.

17. On or about December 25, 2016, ERC reported a balance of $347, which included a collection fee of $69.33. (Ex. C)

18. In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on November 6, 2017, sent a letter to ERC, indicating that Plaintiff disputed the alleged debt.

19. ERC responded to Plaintiff's dispute by providing additional documentation on how the unlawful collection fee had been calculated. (Exhibit D, Letter).

20. For numerous reasons set forth below, ERC's collection fee of $69.33 is not permitted by contract or authorized by law.

**ERC's "Collection Fee" is Unspecified Liquidated Damages and Therefore Void.**

21. The T-Mobile Terms & Conditions that T-Mobile claim were in effect at the time Plaintiff is alleged to have had a T-Mobile account, and those in effect since 2010, state the following:

> **We may use a collection agency and you agree to pay collection agency fees we incur to collect payment. . . Late payment, non-payment or <u>collection agency fees are liquidated damages intended to be a reasonable advance estimate of our costs</u> resulting from late payments and nonpayments by our customers; <u>these costs are not readily ascertainable</u> and are difficult to predict or calculate at the time that these fees are set.**

(Exhibit E, excerpt from T-Mobile USA Terms and Conditions, emphasis added)

22. Liquidated damages provisions in Illinois must "be for a specific amount for specific breach." *Med+Plus Neck & Back Pain Center v. Noffsinger*, 311 Ill.App.3d 853 (2000).

23. T-Mobile's liquidated damages provision for collection agency fees contains no specified amount and is therefore void under Illinois law.

24. Thus, ERC was not authorized to attempt to collect any fee.

**The 25% Flat Rate Collection Fee is Not Authorized by Contract.**

25. ERC's Letter states in part:

> Pursuant to our Terms and Conditions, when an account is transferred to a third-party collection agency, a collection fee *based on the outstanding balance* transferred may be assessed. The fee on the account is $69.33.

(Exhibit D, emphasis added)

4

26. ERC's Letter attempts to collect a flat-rate 25% collection fee from Plaintiff.

27. According to T-Mobile, the alleged balance owed on the account was $346.65, which includes the collection fee. Deducting the $69.33 collection fee from the total balance allegedly due is $277.32. The collection fee of $69.33 is exactly 25% of the alleged amount due less the fee.

28. However, nowhere in T-Mobile's Terms and Conditions (Ex. D) does the consumer agree to pay a 25% collection fee, or any flat rate fee based on the amount of the debt.

29. Thus, the flat-rate collection fee is not permitted by contract.

**A Flat Rate Collection Fee is Arbitrary and Therefore Unlawful.**

30. Assuming, *arguendo*, that ERC is entitled to collect any collection fees from Plaintiff, such amounts are based on the collection costs "incurred," by T-Mobile, and are "intended to be a reasonable advance estimate" which "are difficult to predict or calculate at the time that these fees are set." *See* Exhibit E.

31. Charging a collection fee based on the amount of the alleged debt is not a "reasonable advance estimate" of collection cost incurred; rather it is an arbitrary and predetermined rate that has nothing to do with the actual cost of collection incurred by T-Mobile. *See Bradley v. Franklin Collection Service*, 739 F.3d 606, 610 (11th Cir. 2014) ("under the contract at issue here, Bradley agreed to pay the actual costs of collection; he did not agree to pay a percentage above the amount of his outstanding debt that was unrelated to the actual costs to collect that debt.")

32. Attempting to collect a 25% collection fee not authorized by contract or statute is a violation of the FDCPA. *See Seeger v. AFNI, Inc.*, 548 F.3d 1107, 1109-10 (7th Cir. 2008).

33. In this case, T-Mobile has made no representation that its collection costs are 25% of the alleged balance. *See* Exhibit D.

34. ERC attempted to collect a collection fee which runs afoul to the very "Terms and Conditions" referenced in its Letter to Plaintiff.

**The 25% "Collection Fee" is Usury in Illinois.**

35. ERC was also assessing interest on the alleged debt at the rate of 25% which is usurious and illegal in Illinois. *See* 815 Ill. Comp. Stat. 225/4.

36. A late fee, and any other fee such as a "collection fee," is in fact an interest charge, regardless of what a debt collector chooses to call it. *See Grace v. PSI Louisville, Inc.*, 22 F. Supp. 3d 700, 704 (W.D. Ky. 2014) (analyzing Kentucky usury statute which has similar provisions to the Illinois usury law).

37. ERC does not possess a bank charter or license from the Illinois Department of Financial and Professional Regulation authorizing it to make loans at more than 9% to residents of Illinois.

38. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> . . . **(2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt. . .**
>
> . . . **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

39. ERC misrepresented the character, amount, or legal status of the alleged debt when it inflated the amount of the alleged debt with an unlawful collection charge, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A).

40. ERC threatened to take an action not permitted by law, in violation of 15 U.S.C. § 1692e(5), when it threatened to collect an unlawful collection charge.

41. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

42. ERC attempted to collect an amount not authorized by the agreement creating the debt or permitted by law when it attempted to collect an additional $69.33 in fees from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

43. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material. *See Lox v. CDA*, 689 F.3d 818, at 827. Here, ERC's misrepresentation that a collection charge was due and owing could cause Plaintiff to pay the alleged fee or to enter into payment arrangements on the alleged debt, including the unlawful collection fee.

44. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

45. Plaintiff, Christiana Berryhill, brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect on a defaulted T-Mobile consumer account (3) which includes the assessment of a collection fee on the consumer's account.

46. As Defendant collects numerous T-Mobile debts from consumers in Illinois, the Class likely consists of more than 40 persons from whom Defendant attempted to collect a defaulted T-Mobile consumer account which includes a collection fee.

47. Plaintiff Berryhill's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

48. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

49. Plaintiff Berryhill will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of

the Class and will be established by common proof. Moreover, Plaintiff Berryhill has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

50. Plaintiff re-alleges above paragraphs as set forth fully in this count.

51. ERC misrepresented the character, amount, or legal status of the alleged debt when it inflated the amount of the alleged debt with an unlawful collection charge, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A).

52. ERC threatened to take an action not permitted by law, in violation of 15 U.S.C. § 1692e(5), when it threatened to collect an collection charge not authorized by law.

53. ERC attempted to collect an amount not authorized by the agreement creating the debt or permitted by law when it attempted to collect an additional $69.33 in fees from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in favor of Plaintiff and the Class and against Defendant ERC as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) to all class members charged the collection fee;

    B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
Holly McCurdy
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com