IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHRISTINA BERRYHILL,** individually and on behalf of a putative class, | |
| Plaintiff, | Case No. 17 C 8059 |
| v. | Judge Harry D. Leinenweber |
| **ENHANCED RECOVERY COMPANY LLC, doing business as ERC or Enhanced Resource Centers,** | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated herein, Defendant's Motion to Strike Reply (Dkt. No. 47) is granted and Plaintiff's Motion to Certify Class (Dkt. No. 31) is denied.

### I. BACKGROUND

Plaintiff Christiana Berryhill ("Berryhill") is an Illinois resident. Berryhill incurred a debt through her personal T-Mobile consumer cell phone account. Due to her financial circumstances, Berryhill could not pay off the debt, which went into default. Defendant Enhanced Recovery Company, LLC ("ERC") is a debt collection agency. T-Mobile assigned Berryhill's debt to ERC for collection.

On or about December 25, 2016, ERC communicated information regarding Berryhill's debt to the TransUnion credit reporting agency. ERC reported that the debt had a $347.00 balance, which included a $69.33 collection fee. In response to ERC's collection attempts, Berryhill's attorneys sent a letter to ERC indicating that she disputed the debt. On April 20, 2017, ERC sent a letter back to Berryhill's attorneys, explaining the history of the debt and how it had been calculated ("the Letter"). (*See* Letter, Ex. D. to Pl.'s Am. Compl., Dkt. No. 36-1.) In the Letter, ERC wrote:

> Pursuant to our Terms and Conditions, when an account is transferred to a third-party collection agency, a collection fee based on the outstanding balance transferred may be assessed. The fee on this account is $69.33.

(Letter at 2.)

Berryhill filed suit in November of 2017, asserting that the $69.33 collection fee is unlawful under Illinois law and therefore in violation of the Federal Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. She claims that the fee represents a fixed 25% of the debt's outstanding balance, in violation of the terms of her agreement with T-Mobile, in which she only agreed to pay the actual costs of debt collection in case of default. She brings two counts: (1) misrepresenting the character, amount, or legal status of a debt, by inflating the amount of the alleged debt with an unlawful collection fee, in violation of 15 U.S.C.

§§ 1692e and 1692e(2)(A); and (2) threatening to take an action not permitted by law, by threatening to collect an unlawful collection fee, in violation of 15 U.S.C. § 1692e(5).

Berryhill brings her case on behalf of herself and a putative class of others similarly situated. She defines the class as follows:

> (1) [A]ll persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect on a defaulted T-Mobile consumer account (3) which includes the assessment of a collection fee on the consumer's account.

(Pl.'s Mot. for Class Cert. at 1, Dkt. No. 31.) Berryhill now moves for class certification. ERC opposes class certification and, in addition, moves to strike large portions of her reply brief. The Court will first address ERC's Motion to Strike before turning to the merits of class certification.

## II. DISCUSSION

### A. Motion to Strike

ERC moves to strike all the exhibits attached to Berryhill's Reply Brief in Support of her Motion for Class Certification, and all references to those exhibits in the Reply, on the basis that parties cannot raise new arguments or facts in a reply brief. Berryhill filed her Motion for Class Certification on December 21, 2018. In support of her Motion, she filed a single exhibit: a declaration from her attorneys attesting to their adequacy to

represent the class. (*See* Decl. of Celetha Chatman, Pl.'s Mem. for Class Cert., Dkt. No. 32-1.) On January 16, 2019, ERC filed its Memorandum in Opposition to the Motion for Class Certification, arguing that Berryhill failed to meet her evidentiary burden to demonstrate that the proposed class meets the requirements under Federal Rule of Civil Procedure 23. Then, on February 8, 2019, Berryhill filed her Reply, attaching three exhibits that she claims satisfy her evidentiary burden on certain Rule 23 requirements.

It is "well-settled" that litigants cannot make new arguments or present new facts in a reply brief. *Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989). The purpose of this rule is to prevent one-sided presentation of arguments or facts, which is contrary to the nature of an adversarial court system. *See Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 437 (N.D. Ill. 2006) (collecting cases). Arguments raised only in the reply brief are waived, *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992), as are undeveloped arguments, and arguments unsupported by pertinent authority. *United States v. Holm,* 326 F.3d 872, 877 (7th Cir. 2003). Therefore, Berryhill has waived the evidence she set forth for the first time in her reply brief, and the Court will not consider the exhibits to her Reply nor the references thereto. ERC's Motion to Strike is granted.

**B. Arbitration**

There is another matter the Court must address before turning to the merits of Berryhill's class certification. ERC argues that Berryhill cannot act as a class representative because she expressly agreed to pursue any claims related to her T-Mobile Account in arbitration. Though the parties dispute whether the 2010 or 2014 T-Mobile Terms & Conditions apply to Berryhill's T-Mobile account, ERC asserts that both the 2010 and 2014 terms include the arbitration provisions and class action waivers. The 2010 terms state in relevant part:

> **Dispute Resolution and Arbitration. WE EACH AGREE THAT, EXCEPT AS PROVIDED BELOW… ANY AND ALL CLAIMS OR DISPUTES IN ANY WAY RELATED TO OR CONCERNING THE AGREEMENT, OUR SERVICES, DEVICES OR PRODUCTS, INCLUDING ANY BILLING DISPUTES, WILL BE RESOLVED BY BINDING ARBITRATION, RATHER THAN IN COURT. …**
>
> **<u>CLASS ACTION WAIVER</u>. WE EACH AGREE THAT ANY DISPUTE RESOLUTION PROCEEDINGS, WHETHER IN ARBITRATION OR COURT, WILL BE CONDUCTED ONLY ON AN INDIVIDUAL BASIS AND NOT IN A CLASS OR REPRESENTATIVE ACTION OR AS A MEMBER IN A CLASS, CONSOLIDATED OR REPRESENTATIVE ACTION.**

(2010 T-Mobile Terms & Conditions at 2-3, Ex. A to Def.'s Opp. to Class Cert., Dkt. No. 37-1 (emphasis in original).) The 2010 terms are essentially identical to the 2014 terms, with the exception that the 2014 arbitration provision explicitly covers claims related to T-Mobile's privacy policy and allows consumers to bring claims in small claims court in addition to arbitration. (*See* 2014 T-Mobile Terms & Conditions at 4, 6, Ex. B to Def.'s Opp. to Class

Cert., Dkt. No. 37-2.) ERC argues that the arbitration provision and class waiver clearly apply to the claims Berryhill now asserts in this putative class action. Berryhill counters that: (1) ERC has waived its right to enforce the arbitration clause by failing to file a motion to compel arbitration in this case, and (2) the instant suit falls outside the scope of the arbitration provision. Berryhill's first argument is dispositive on this issue.

Arbitration provisions, like any other contract right, can be waived. *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prod. Co.*, 969 F.2d 585, 590 (7th Cir. 1992). Waiver can be either explicit or implied by a party's actions; ERC has not explicitly waived its arbitration clause, so the Court must determine whether it can infer waiver from ERC's actions. *Id*. at 587. Furthermore, when a party "chooses to proceed in a judicial forum, there is a rebuttable presumption that the party has waived its right to arbitrate." *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prod., Inc.*, 660 F.3d 988, 995 (7th Cir. 2011).

Berryhill filed this suit on November 7, 2017. In its Answer and Amended Answer, ERC included the arbitration provision as one of twelve affirmative defenses it asserts in this case. However, ERC also participated fully in this litigation since its inception. ERC engaged in a six-month discovery period, participated in four status hearings before the Court, and still to this date,

approximately 18 months since the case was filed, has not filed a motion to compel arbitration of Berryhill's claims. ERC thus acted inconsistently regarding its intent to assert its right to arbitrate. *See St. Mary's*, 969 F.2d at 589 (finding that defendant impliedly waived right to arbitrate by participating in litigation for ten months); *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 389 (7th Cir. 1995) ("A plaintiff who wants arbitration moves for an order to arbitrate. 9 U.S.C. § 4."). Put simply, ERC has not overcome the presumption of waiver that it created when it chose to proceed in this forum. *Id.* at 391 ("Parties know how important it is to settle on a forum at the earliest possible opportunity, and the failure of either of them to move promptly for arbitration is powerful evidence that they made their election—against arbitration. Except in extraordinary circumstances… they should be bound by their election.").

Additionally, the Court notes that by asserting its arbitration rights in a response brief to Plaintiff's Motion for Class Certification, ERC is doing precisely what it accuses Berryhill of doing—presenting a legal argument in a way that prevents full adversarial briefing. Because ERC raised the arbitration issue in the context of Berryhill's adequacy to serve as a class representative, rather than filing a motion to compel arbitration, Berryhill could only respond to this argument in her

Reply in support of class certification—which is not, as ERC notes, a place for parties to initiate legal arguments. Regardless, ERC has to date failed to file a motion to compel arbitration. As such, it has waived any right it may have had to enforce T-Mobile's arbitration and class waiver provisions in this lawsuit.

### C. Class Certification

Class certification is governed by Federal Rule of Civil Procedure 23. Under Rule 23(a), the party seeking certification must demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
> (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). Additionally, the proposed class must satisfy at least one of the three requirements listed in Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). The Court need only complete the commonality inquiry, which "tend[s] to merge" with the typicality inquiry, *id*. at 349 n.5, because it is dispositive here.

The commonality rule requires a plaintiff to show that "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). Berryhill asserts that the following common issues exist

with respect to each class member: (1) whether ERC's flat rate collection fee is unlawful; (2) whether ERC's collection fee is unauthorized by contract and usurious, and therefore invalid under Illinois law; (3) whether ERC misstated the character, amount, or legal status of the debt by including a collection fee; and (4) whether ERC threatened to take action not permitted by law when it threatened to collect a fee not authorized by law or contract. However, these issues fail the commonality standard that the Supreme Court set forth in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

Commonality requires a plaintiff to demonstrate that the class members "have suffered the same *injury*." *Dukes*, 564 U.S. at 350 (emphasis in original). This does not mean merely that they have all "suffered a violation of the same provision of law." *Id*. Rather, the claim(s) must depend upon a common contention, which must be of "such a nature that it is capable of classwide resolution" because "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. Accordingly, the Supreme Court noted in *Dukes,* a Title VII sex discrimination action, that a common question of "Is that an unlawful employment practice?" would be insufficient to support class certification. *Id*. at 349. And all of the "common issues" Berryhill lists essentially boil down to

- 9 -

the same question: is what ERC did unlawful? While the Supreme Court noted that, for the purpose of the Rule 23(a)(2) commonality inquiry "even a single common question will do," *id.* at 359 (internal brackets omitted), Berryhill has failed to set forth a single sufficient common question as to the putative class.

Moreover, Berryhill did not provide any evidence that anyone else received the same or substantially similar Letter that she did. Berryhill asserts throughout her Motion for Class Certification that the Letter was a "form collection letter," and "[a]ll letters contain precisely the same alleged violations of the FDCPA." (Pl.'s Mem. at 10.) However, Berryhill has submitted no evidence to show that ERC sent the Letter she received to any other putative class members. ERC has submitted a declaration to emphasize that such a showing would be impossible, as the Letter was ERC's individualized, direct response to the letter it received from Berryhill's attorneys. (*See* Davis Decl. at 14-18.) Thus, ERC claims, the Letter cannot support a class claim.

To overcome the "wide gap" between an individual claim and the existence of a class of persons who have suffered the same injury as that individual, a plaintiff "must prove much more than the validity of his own claim." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157–58 (1982); *see also Dukes*, 564 U.S. at 350 ("Rule 23 does not set forth a mere pleading standard. A party seeking

class certification must affirmatively demonstrate his compliance with the Rule — that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc."); *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001) (noting that "[t]he proposition that a district judge must accept all of the complaint's allegations when deciding whether to certify a class cannot be found in Rule 23 and has nothing to recommend it.") Here, because Berryhill provides no proof that anyone else received the same Letter she did, she has not established the existence of any common question. *See Dukes*, 564 U.S. at 359. Therefore, the Court denies Berryhill's Motion for Class Certification.

### III. <u>CONCLUSION</u>

For the reasons stated herein, Defendant's Motion to Strike Reply (Dkt. No. 47) is granted and Plaintiff's Motion to Certify Class (Dkt. No. 31) is denied.

**IT IS SO ORDERED.**

       _____
       Harry D. Leinenweber, Judge
       United States District Court

Dated: 5/31/2019